FILED

2013 SEP 19  PM 3: 00

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2012 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR No. CR13 - 0667 |
| Plaintiff, ) | I N D I C T M E N T |
| v. ) | [18 U.S.C. § 1349: Conspiracy to Commit Health Care Fraud; 18 U.S.C. § 1347: Health Care Fraud; 18 U.S.C. § 2(b): Causing an Act to be Done; 18 U.S.C. § 982(a)(7); 21 U.S.C. § 853; 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| MIHRAN YOURIK MEGUERIAN, ) aka "Mike," ) | |
| Defendant. ) | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1349]

A.   INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

The Conspirators

1.   Defendant MIHRAN YOURIK MEGUERIAN, also known as ("aka") "Mike" ("defendant MEGUERIAN"), was the President and Chief Executive Officer of Med Serve Management, Inc. ("Med Serve"), a medical clinic management company located at 13659 Victory Blvd., Suite 466, Van Nuys, California, within the Central District of California.

///

2.   Med Serve managed at least two medical clinics, one located at 6850 Van Nuys Blvd., Suite 120, Van Nuys, California (the "Van Nuys Clinic"), and one located at 943 South Atlantic Blvd., Suite 218, Monterey Park, California (the "Monterey Park Clinic"), both within the Central District of California.

3.   Defendant MEGUERIAN co-operated Multiple Trading, Inc., dba Advanced Medical Services ("AMS"), another medical clinic management company, located within the Central District of California.

4.   AMS managed numerous medical clinics, including a clinic located at 204 S. Atlantic Blvd., Los Angeles, California (the "Atlantic Clinic"), within the Central District of California.

5.   Co-conspirator E.A. co-operated AMS with defendant MEGUERIAN.

6.   Co-conspirator C.V., managed AMS's clinics and one or more of Med Serve's clinics.  C.V.'s duties included recruiting and hiring physicians, physician's assistants ("PAs"), and others.

7.   A co-conspirator known to the Grand Jury ("CC-1") assisted defendant MEGUERIAN, E.A., C.V., and others, with operating and managing AMS.

8.   Defendant MEGUERIAN and other co-conspirators hired co-conspirators D.J.G. and E.K., among others, to work as PAs at the Van Nuys Clinic, the Monterey Park Clinic, and the Atlantic Clinic (collectively the "Clinics").

9.   Defendant MEGUERIAN and his co-conspirators recruited

2

L.L. to serve as the supervising physician for the Van Nuys Clinic, D.M. to serve as the supervising physician for the Monterey Park Clinic, and co-conspirator E.S. to serve as the supervising physician for the Atlantic Clinic.

10.   A co-conspirator known to the Grand Jury ("CC-2") owned various durable medical equipment ("DME") supply companies, operating within the Central District of California.

The Medicare Program

11.   Medicare was a federal health care benefit program, affecting commerce, that provided benefits to individuals who were over the age of 65 or disabled.  Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services.  Medicare was a "health care benefit program" as defined by Title 18, United States Code, Section 24(b).

12.   Individuals who qualified for Medicare benefits were referred to as Medicare "beneficiaries."  Each beneficiary was given a unique health identification card number ("HICN").

13.   Medicare was subdivided into several parts, including Medicare Part B, which covered physician's services and the distribution of DME.

14.   DME supply companies, physicians, and other health care providers that provided medical services that were reimbursed by Medicare were referred to as Medicare "providers."  To participate in Medicare, providers were required to submit an application in which the provider agreed to comply with all Medicare-related laws and regulations.  If Medicare approved a provider's application, Medicare assigned the provider a Medicare

"provider number," which was used for processing and the payment of claims.

15.   A health care provider with a Medicare provider number could submit claims to Medicare to obtain reimbursement for services rendered to beneficiaries.

16.   Most providers submitted their claims electronically pursuant to an agreement they executed with Medicare in which the providers agreed that they were responsible for all claims submitted to Medicare by themselves, their employees, and their agents; that they would submit claims only on behalf of those Medicare beneficiaries who had given their written authorization to do so; and that they would submit claims that were accurate, complete, and truthful.

17.   Medicare generally reimbursed a provider for DME only if the DME was prescribed by the beneficiary's physician, the DME was medically necessary to the treatment of the beneficiary's illness or injury, and the DME supplier provided the DME in accordance with Medicare regulations and guidelines, which governed whether a particular item or service would be reimbursed by Medicare.

18.   CMS contracted with regional contractors to process and pay Medicare claims.  The contractor that processed and paid Medicare DME claims in Southern California during the relevant time period was first CIGNA and, later, Noridian.

19.   To bill Medicare for services rendered, a provider submitted a claim form (Form 1500) to CIGNA or Noridian.  When a Form 1500 was submitted, usually in electronic form, the provider certified:

4

a.  the contents of the form were true, correct,
and complete;

b.  the form was prepared in compliance with the
laws and regulations governing Medicare; and

c.  the services being billed were medically
necessary.

20.  A Medicare claim for payment was required to set forth,
among other things, the following:  the beneficiary's name and
unique Medicare identification number; the type of DME provided
to the beneficiary; the date that the DME was provided; and the
name and Unique Physician Identification number ("UPIN") of the
physician who prescribed or ordered the DME.

B.  THE OBJECT OF THE CONSPIRACY

21.  Beginning in or around 2006 and continuing through on
or about February 4, 2009, in Los Angeles County, within the
Central District of California, and elsewhere, defendant
MEGUERIAN, together with others known and unknown to the Grand
Jury, knowingly combined, conspired, and agreed to commit health
care fraud, in violation of Title 18, United States Code, Section
1347.

C.  THE MANNER AND MEANS OF THE CONSPIRACY

22.  The object of the conspiracy was carried out, and to be
carried out, in substance, as follows:

a.  Through Med Serve and AMS, defendant MEGUERIAN,
E.A., CC-1, C.V., and other co-conspirators known and unknown to
the Grand Jury, operated and managed a series of fraudulent
medical clinics in and around Los Angeles County, including the
Clinics.

5

   b.    Defendant MEGUERIAN, E.A., and other co-conspirators known and unknown to the Grand Jury, recruited PAs, including D.J.G. and E.K., to work at these fraudulent medical clinics.

   c.    Co-conspirators known as "marketers" recruited Medicare beneficiaries in order to get the Medicare beneficiaries' names and HICNs.  These marketers then sold the Medicare beneficiaries' information to defendant MEGUERIAN and other co-conspirators known and unknown to the Grand Jury.

   d.    Defendant MEGUERIAN, E.A., and other co-conspirators known and unknown to the Grand Jury, instructed the PAs to use the Medicare beneficiaries' information to generate false and fraudulent prescriptions and documents authorizing tests and the distribution of DME, including PWCs and accessories, that were not medically necessary, in order to submit false and fraudulent claims to Medicare.

   e.    These PAs, including D.J.G. and E.K., generated false and fraudulent prescriptions for medically unnecessary tests and durable medical equipment ("DME"), including power wheelchairs ("PWCs") and related accessories.

   f.    Defendant MEGUERIAN, E.A., C.V., and other co-conspirators known and unknown to the Grand Jury, recruited, and caused to be recruited, physicians, including L.L., D.M., and E.S., to work at the Clinics so that defendant MEGUERIAN and other co-conspirators could obtain and use the physicians' names, UPINs, and Medicare provider numbers to submit false and fraudulent claims to Medicare.

1          g.    Defendant MEGUERIAN, E.A., CC-1, and other co-
2    conspirators known and unknown to the Grand Jury, provided or
3    sold to DME supply companies within the Central District of
4    California, the fraudulent prescriptions and documents generated
5    at their clinics, including the Clinics.  The DME supply
6    companies then used these fraudulent prescriptions and documents
7    to submit false and fraudulent claims to Medicare.

8          h.    CC-2 and other co-conspirators known and unknown
9    to the Grand Jury purchased false and fraudulent prescriptions
10   and documents from defendant MEGUERIAN, E.A., CC-1, and his
11   co-conspirators, including medically unnecessary prescriptions
12   for PWCs and other DME generated at one or more of the Clinics.

13   23.   As part of the fraudulent scheme described above,
14   between on or about June 7, 2007, and on or about February 4,
15   2009, defendant MEGUERIAN and others submitted, and willfully
16   caused the submission of, approximately $13,647,303.92 in false
17   and fraudulent claims to Medicare, resulting in Medicare payments
18   of approximately $7,662,640.63.

19   ///
20   ///
21   ///

COUNTS TWO THROUGH SIX

[18 U.S.C. §§ 1347 and 2(b)]

A.   INTRODUCTORY ALLEGATIONS

     24.   The Grand Jury incorporates by reference and re-alleges paragraphs 1 through 20 of this Indictment as though set forth in their entirety herein.

B.   THE SCHEME TO DEFRAUD

     25.   Beginning in or around June 2007 and continuing through on or about February 4, 2009, in Los Angeles County, within the Central District of California, and elsewhere, defendant MEGUERIAN, together with others known and unknown to the Grand Jury, knowingly, willfully, and with intent to defraud, executed, and attempted to execute, a scheme and artifice: (a) to defraud a health care benefit program, namely Medicare, as to material matters in connection with the delivery of and payment for health care benefits, items, and services; and (b) to obtain money from Medicare by means of material false and fraudulent pretenses and representations and the concealment of material facts in connection with the delivery of and payment for health care benefits, items, and services.

C.   MEANS TO ACCOMPLISH THE SCHEME TO DEFRAUD

     26.   The scheme operated in substance as described in Paragraphs 22 and 23 of this Indictment, which are hereby incorporated by reference as though set forth in their entirety herein.

D.   EXECUTION(S) OF THE FRAUDULENT SCHEME

     27.   On or about the dates set forth below, within the Central District of California and elsewhere, defendant

1  MEGUERIAN, together with others known and unknown to the Grand
2  Jury, for the purpose of executing and attempting to execute the
3  fraudulent scheme described above, knowingly and willfully caused
4  to be submitted to Medicare for payment the following false and
5  fraudulent claims purportedly for PWCs and related accessories:

| COUNT | BENEFICIARY | CLAIM NUMBER | APPROX. DATE SUBMITTED | APPROX. AMOUNT OF CLAIM |
|---|---|---|---|---|
| TWO | A.V. | 108267841131000 | 9/23/2008 | $6,363.00 |
| THREE | L.G. | 108316850323000 | 11/11/2008 | $6,363.00 |
| FOUR | G.S. | 108316850320000 | 11/11/2008 | $6,363.00 |
| FIVE | C.S. | 108343861132000 | 12/8/2008 | $6,363.00 |
| SIX | C.M. | 108354831047000 | 12/19/2008 | $6,363.00 |

///
///
///

FORFEITURE ALLEGATION

[18 U.S.C. § 982(a)(7), 21 U.S.C. § 853,

and 28 U.S.C. § 2461(c)]

28.   The Grand Jury hereby realleges and incorporates by reference Counts One through Six of this Indictment as though fully set forth herein, for the purpose of alleging forfeiture, pursuant to the provisions of Title 18, United States Code, Section 982(a)(7).

29.   Counts One through Six of this Indictment allege acts or activities constituting federal health care fraud offenses pursuant to Title 18, United States Code, Sections 1349 and 1347. Pursuant to Title 18, United States Code, Section 982(a)(7), upon conviction of a federal health care fraud offense, defendant MEGUERIAN shall forfeit to the United States of America:

a.   All right, title, and interest in any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such offense; and

b.   A sum of money equal to the total amount of gross proceeds derived from such offense.

///

///

///

1       30.   Pursuant to Title 21, United States Code, Section
2  853(p), as incorporated by Title 18, United States Code, Section
3  982(b)(1) and Title 28, United States Code, Section 2461(c),
4  defendant MEGUERIAN, if so convicted, shall forfeit substitute
5  property, up to the value of the amount described in paragraph
6  29, if, by any act or omission of defendant MEGUERIAN, the
7  property described in paragraph 29, or any portion thereof,
8  cannot be located upon the exercise of due diligence; has been
9  transferred, sold to, or deposited with a third party; has been
10 placed beyond the jurisdiction of this court; has been
11 substantially diminished in value; or has been commingled with
12 other property that cannot be divided without difficulty.

13                                    A TRUE BILL
14
15
16                                    /s/
17                                    Foreperson
18 ANDRÉ BIROTTE JR.
   United States Attorney
19
20
   ROBERT E. DUGDALE
21 Assistant United States Attorney
   Chief, Criminal Division
22
   RICHARD E. ROBINSON
23 Assistant United States Attorney
   Chief, Major Frauds Section
24
   BENJAMIN D. SINGER
25 Deputy Chief, Fraud Section
   United States Department of Justice
26
   FRED MEDICK
27 Trial Attorney, Fraud Section
   United States Department of Justice
28
   BLANCA QUINTERO
   Trial Attorney, Fraud Section
   United States Department of Justice